UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ALL LAND INVESTMENTS, LLC | : | No. 09-13790 |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

### OBJECTION OF RBS CITIZENS, N.A. TO DEBTOR'S AMENDED PLAN OF LIQUIDATION

RBS Citizens, N.A. ("**Citizens**"), through its counsel Stradley Ronon Stevens & Young, LLP, hereby submits its supplemental objection ("**Objection**") to the Amended Plan of Liquidation (the "**Plan**") of All Land Investments, LLC ("**Debtor**") and in support thereof avers as follows:

### INTRODUCTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  Citizens objects to the Plan proposed by Debtors because it does not meet the standards set forth in Section 1129 of the Bankruptcy Code and, therefore, cannot be confirmed.

### FACTUAL BACKGROUND

3.  On October 29, 2009 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and has continued to operate its business and manage its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4.   Citizens is a creditor of the Debtor and has a first priority lien on virtually all of the assets of the Debtor, other than Building Lot Number 76.

5.   On January 21, 2010, the Debtor filed the Plan.

6.   Under the Plan, Citizens' claim is classified as a Class 2 claim and, to the extent that Citizens has a deficiency claim after the value of the All Land Collateral is determined, such deficiency claim will be treated as a Class 5 General Unsecured Claim.

7.   Pursuant to the Plan, Citizens Claim shall equal the fair market value of its collateral as determined at the hearing on Confirmation of the Plan.

8.   On confirmation of the Plan, Debtor proposes to provide a deed for the remaining building lots to Citizens or authorize Citizens to foreclose on the collateral.

## OBJECTIONS

9.   In order for Debtor's Plan to be confirmed, Debtor must demonstrate that the Plan satisfies the requirements set forth in Section 1129 of the Bankruptcy Court.

10.   Debtor's Plan, which was filed in bad faith, fails to satisfy Sections 1129(a)(3), 1129(a)(7) 1129(a)(10), 1129(b).  Confirmation of Debtor's Plan must therefore be denied.

A.   **The Plan Fails to Provide an Adequate Description of Citizens' Collateral**

11.   The Plan describes Citizens' Collateral as "the Building Lots except for Building Lot No. 76." See Plan at p. 15.  "Building Lots" are defined with reference to a list of building lots and "open space" owned by Debtor.

12.   Pursuant to the loan documents, however, Citizens' collateral is comprised of more than the "Building Lots."

13.   Debtor cannot satisfy the conditions of 1129(b)(2)(A)(i) because the Plan does not provide for Citizens to retain the liens securing its claim

14. Furthermore, the Plan fails to Satisfy 1129(b)(2)(A)(ii) and (iii).

B. **The Plan Fails to Property Classify Citizens**

15. Debtor has classified Citizens claim as a Class 2 Claim.

16. Although the Plan provides that, to the extent that Citizens has a deficiency claim, such claim will be treated in the same manner as a holder of a Class 5 Claim, Class 5 does not take into account any deficiency claim held by Citizens.

17. The Debtor fails to provide any information regarding the identity of Class 5 claim holders, the total amount of the claims held by Class 5 Holders or the amount anticipated to be distributed to holders of Class 5 Claims.

18. Accordingly, the Plan fails to satisfy Section 1129(a)(2) and confirmation should therefore be denied.

C. **The Plan is Proposed in Bad Faith**

19. The Plan serves no valid bankruptcy purpose and should therefore not be confirmed.

20. A plan proposed in bad faith should be denied confirmation. In re Wooley's Parkway Center, Inc., 147 B.R. 996 (Bankr. M.D. Fla. 1992). Bad faith is found where a debtor files a plan for the sole purpose of frustrating the secured creditor and "to get the principal of the Debtor . . . off the hook on his guarantee of the primary obligation of the Debtor, and to prevent [a creditor] from enforcing any claim against him on his guarantee." Id. at 1002-03.

21. The protection of third-party guarantors is not a valid purpose to invoke the bankruptcy machinery and is not a legitimate goal under chapter 11. In re Thornwood Associates, 161 B.R. 167, 373 (Bankr. M.D. Pa. 1993).

22.     In <u>Wolley's Parkway</u>, the plan proposed by the debtor did not contain an injunction in favor of the guarantor, however, the plan proposed that the collateral would be returned to the creditor in satisfaction of its claim.  The court found that the plan was proposed in bad faith because, if the creditor were to accept such collateral offered under the plan, the guarantor would have a complete defense to its obligations under the guarantee.  <u>Id.</u> at 1003.

23.     The Debtor's Plan, indeed the entire bankruptcy, has been nothing more than a mechanism of delay through which Debtor has precluded creditors from satisfaction of outstanding debts.

24.     With respect to Citizens, the Plan forces Citizens to accept certain collateral in satisfaction of its claim, was filed in bad faith and is therefore unconfirmable.  Debtor's Plan is proposed solely to force Citizens to take the Citizens Collateral and apply it to the Phases 1 and 2 Note, which is secured by non-debtor property, so that the principals of the Debtor can retain value in non-bankruptcy property.  The Plan is an impermissible attempt to marshal assets and protect assets from the creditors of the Debtor without fully disclosing this to the Court.  Such objectives are contrary to the valid purposes of the Bankruptcy Code and Debtor should not be permitted to cram down a plan proposed in bad faith.

25.     It is clear from Debtor's actions in this bankruptcy proceeding and its principal's actions outside of the bankruptcy that Debtor's goal in this bankruptcy case is to protect the non-debtor property of Huntington Mills.  Citizens has filed a complaint in foreclosure against the non-debtor guarantor, Huntington Development, LLC (**"Huntington"** )in the Superior Court of the State of Delaware in and for Kent County, the resolution of which Huntington has tried to delay until the conclusion of this bankruptcy case.

26. Additionally, the Citizens Collateral is the only asset in this case. Because the value of the Citizens Collateral will likely satisfy only the Citizens Claim or only a portion thereof, there is no benefit to the other creditors of the Estate under the Plan or this bankruptcy.

27. The Debtor has made no post-petition payments to protect the interest of Citizens or other creditors. Taxes have continued to accrue post-petition. The Plan does not preserve any value in the collateral that would not be available in a chapter 7 or outside a bankruptcy case.

28. Creditors are receiving less under the Plan than they would receive in a chapter 7 or outside of the bankruptcy proceeding.

29. The case should be dismissed because it serves no valid bankruptcy purpose.

D. **The Plan Cannot Satisfy the Best Interests of the Creditors Test and Therefore Does Not Satisfy the Provisions of 1129(a)(7)**

30. Section 1129(a)(7) requires that, in the event that all impaired classes do not accept the plan, each will receive under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the debtor were liquidated under chapter 7 . . ." Under this provision, the Debtor must demonstrate that creditors will receive as much under the Plan as they would receive in a liquidation under chapter 7. In re Lisanti Foods, Inc., 329 B.R. 491 (D.N.J. 2005).

31. Debtors will be unable to demonstrate that the Plan is in the best interests of the creditors.

32. Citizens is impaired under the Plan and has voted to reject the Plan. Accordingly, Debtor must demonstrate that the Plan meets the "best interests of the creditor's test" with respect to, at least, Class 2

33. In the event that the value of the Citizens Collateral does not equal the value of its claim, Citizens will have a deficiency judgment.

34. The Plan provides that holders of claims in Class 5 (the class in which Citizen's deficiency claim will fall) will be paid a pro rata share of an $18,000 cash infusion made by the Zeccolas.

35. Without knowing the size of Class 5 and whether or not Citizens is a holder of a Class 5 claim, it is impossible to determine what Citizens' distribution would be.

36. Under a chapter 7 liquidation, Citizens would have a better chance at receiving more on account of its claims.

37. Accordingly, the Debtor will be unable to demonstrate that the Plan satisfies the Best Interests of Creditors Test and confirmation should be denied.

E. **The Debtor Will Be Unable to Satisfy the "Cramdown" Provisions of 1129(a)(10))**

38. Unless a plan has been unanimously accepted by all classes, a debtor must demonstrate that at least one impaired class has accepted the plan. See 11 U.S.C. § 1129(a)(10).

39. Pursuant to Section 1129(a)(10), at least one class of claims that is impaired under the plan must accept the plan.

40. It is not clear by the terms of the Plan whether Class 3 is impaired, whether it is a claim by an insider or what the status of the class is. Otherwise, Classes 2 and 5 are impaired under the Plan.

41. Citizens, as a holder of a Class 2 claim and as a potential holder of a Class 5 claim, has voted to reject the Plan.

42.     On information and belief, Debtor will be unable to demonstrate that a class of impaired claims, excluding insider claims, has accepted the Plan.  It is unclear at this junction whether Citizens will have a deficiency claim and, if so, the amount of such claim.  Accordingly, the ability of Citizens to control the voting with respect Class 5 is not yet determined.

43.     If Citizens has a controlling vote in Class 5, Debtor will be unable to demonstrate that at least one class of impaired claims has accepted the Plan and Plan confirmation must be denied.

44.     Accordingly, Debtor will be unable to demonstrate that the Plan satisfies the requirements under Sections 1129(a)(10) and confirmation must be denied.

## **CONCLUSION**

The Plan does not meet the standards set forth in 11 U.S.C. § 1129 because (i) the Plan was not proposed in good faith and therefore cannot be confirmed; and (ii) the Debtor will be unable to demonstrate that the Plan satisfies Sections 1129(a)(7) and 1129(a)(10). Accordingly, confirmation of Debtor's Plan should be denied.

STRADLEY RONON STEVENS & YOUNG, LLP

Dated: April 12, 2010

By: /s/ Frances Gauthier
    Frances Gauthier, Esquire (Del. Bar # 3390)
    Stradley, Ronon, Stevens & Young, LLP
    300 Delaware Avenue, Suite 800
    Wilmington, DE 19801
    Telephone: (302) 576-5864
    Facsimile: (302) 576-5858

- and -

Gretchen M. Santamour, Esquire
Stradley Ronon Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
Telephone: (215) 564-8000
Facsimile: (215) 564-8120

*Attorneys for RBS Citizens, N.A*